MARY'S OPINION HEADING 









                                                NO.
12-05-00081-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

JUAN RAYON MENDOZA
ROJAS,          §                      APPEAL FROM THE SECOND

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      CHEROKEE
COUNTY, TEXAS

                                                                                          
                                                                 

OPINION

            This is a probation revocation case.  Appellant pleaded guilty to the offense of
burglary of a habitation in the Second Judicial District Court of Cherokee
County before Judge Dwight Phifer.  The
court deferred an adjudication of guilt and placed Appellant on community
supervision for ten years.  Fifteen
months later, after a hearing in the Second Judicial Court on the State’s
motion to revoke, Judge Phifer found Appellant guilty, revoked his probation,
and sentenced him to eight years of imprisonment.  However, the written judgment reflecting
Judge Phifer’s oral pronouncement and docket entry was mistakenly signed by
Bascom Bentley, Judge of the Third Judicial District Court.[1]  Appellant brings one issue on appeal
contending that the signing of the judgment of revocation by a judge other than
the judge who presided at the revocation hearing is fundamental error requiring
reversal.  We affirm.

 

 








Background

            The facts are undisputed. 
Appellant’s probation was revoked in the same court by the same judge
who placed him on probation.  The written
judgment shows the matter was heard in the Second Judicial District Court. The
judgment accurately records Judge Phifer’s oral pronouncement and docket entry,
but incorrectly states that Richard Mayhan represented Appellant at trial
rather than Sten Langsjoen who actually represented him.

            The record is devoid of any evidence that the case was
properly transferred or that a judge other than Judge Phifer had authority to
sign the judgment.  Judge Bentley’s only
involvement with the case was his apparently inadvertent signing of the
judgment.

 

Discussion

            Only the court in which the defendant was tried may grant
community supervision, impose conditions, revoke the community supervision, or
discharge the defendant, unless the judge has transferred jurisdiction of the
case to another court with the latter’s consent.  Tex.
Code Crim. Proc. Ann. art. 42.12 § 10(a) (Vernon Pamph. Supp.
2005).  

            Appellant contends that Judge Bentley’s erroneous signing
of the judgment violates Article 42.12, Section 10(a) of the Code of Criminal
Procedure and is fundamental error.  We
conclude, however, that Article 42.12, Section 10(a) was not violated.  Judge Phifer granted Appellant community
supervision as required by Article 42.12, Section 10(a) and was also the judge
who revoked Appellant’s probation and sentenced him.  Although Judge Bentley signed the judgment,
it is undisputed that it accurately recorded the judgment Judge Phifer
rendered.[2]  The Texas Court of Criminal Appeals recently
observed that “[w]hen there is a conflict between the oral pronouncement of
sentence in open court and the sentence set out in the written judgment, the
oral pronouncement controls.”  Thompson
v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).  “A trial court’s pronouncement of sentence is
oral, while the judgment, including the sentence assessed, is merely the
written declaration and embodiment of that oral pronouncement.”  Ex parte Madding, 70 S.W. 3d
131, 135 (Tex. Crim. App. 2002).

            Although we conclude that the proceedings in the trial
court complied with Article 42.12, Section 10(a), there is error when the
wrong judge’s signature appears on the judgment.  We must, nevertheless, disregard any
nonconstitutional error that does not affect Appellant’s substantial
rights.  Tex. R. App. P. 44.2(b). 
A substantial right is affected when the error had a substantial and
injurious or influence on the outcome.  See
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Judge Bentley’s signing the judgment instead
of Judge Phifer had no effect or influence on the outcome.  The sentence contained in the written
judgment was identical with that orally pronounced. The error was
harmless.  Appellant’s sole issue is
overruled.

 

Disposition

            The judgment is affirmed.

 

 

 

                                                                                                    BILL BASS   


                                                                                                            Justice

 

 

Opinion
delivered May 10, 2006.

Panel
consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











    
[1] Both the 2nd and 3rd judicial districts
include Cherokee County.





    
[2] See Jones v. State, 795
S.W.2d 199 (Tex. Crim. App. 1990) for the relationship between “rendition” and “entry”
of judgment.  “Briefly stated, the former
is an event which the latter records. 
Thus, a judgment may be “entered” nunc pro tunc if it was in fact “rendered,”
but not recorded at an earlier time.  A
judgment may not be rendered nunc pro tunc under any circumstances.”  Id. at 201 (citations omitted).